UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| **VICKI DAWN FEIL, Executrix of the** | ) | |
| **ESTATE OF BRADLEY JOHN FEIL,** | ) | |
| **Deceased, and VICKI D. FEIL, and** | ) | |
| **VICKI DAWN FEIL, TRUSTEE of the** | ) | |
| **BRADLEY AND VICKI FEIL LIVING** | ) | |
| **TRUST dated May 25, 2010,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **NO: 2:12-CV-47** |
| | ) | |
| **BANK OF AMERICA, N.A., successor by** | ) | |
| **Merger to BAC Home Loans Servicing, LP,** | ) | |
| **FKA Countrywide Home Loans Servicing,** | ) | |
| **L.P., successor in interest to Countrywide** | ) | |
| **Home Loans, Inc.,** | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion of Bank of America, N.A., successor by Merger to BAC Home Loans Servicing, LP ("BAC") and Countrywide Home Loans, Inc. ("Countrywide")[1] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, [Doc. 12]. Plaintiffs have responded, [Doc. 15], and BAC and Countrywide have replied, [Doc. 16]. For the reasons which follow, the motion will be GRANTED and plaintiffs' complaint will be DISMISSED.

**I.     Background**

Plaintiffs initially filed their complaint in the Carter County Chancery Court on September 15, 2011. After the state court issued a temporary injunction preventing the foreclosure by

---

[1] Plaintiffs, in the caption of their complaint, name Countrywide as a predecessor entity to BAC. That, however, is apparently incorrect according to defendants' motion. The misnomer is irrelevant in determining the motion before the Court.

defendants of certain real property located at 590 Laurels Road, Johnson City, Tennessee, the matter was removed to this Court on February 10, 2012. A motion to dismiss was pending in the state court at the time. Subsequent to the removal, plaintiffs filed a motion for leave to file an amended complaint on March 12, 2012. The motion was granted and the amended complaint, [Doc. 11], was filed on March 30, 2012.

**II.     The Complaint's Allegations**

The amended complaint makes the following allegations. The well-pleaded factual allegations are accepted as true for the purposes of this motion.

On June 18, 2010, Bradley J. Feil and Vicki D. Feil ("the Feils") quitclaimed real property located at 590 Laurels Road, Johnson City, Carter County, Tennessee to themselves as Trustees of the Bradley and Vicki Feil Living Trust dated May 25, 2010. On June 1, 2007, the Feils had executed a deed of trust to Robert M. Wilson, Jr., Trustee,[2] to secure payment of a promissory note in the amount of $158,000.00 signed by the Feils on the same date. The promissory note was payable to Countrywide. BAC holds a "beneficial interest" under the note and deed of trust. At the time of the loan closing in June, 2007, the Feils "were under the impression that the credit life disability insurance available on the loan was provided and would be issued to both of them, rather than just Plaintiff, Vicki D. Feil." Since the closing, Bradley J. Feil became ill and died on December 10, 2011. Plaintiffs "were advised that their was no credit life disability insurance issued for Mr. Feil." Because of Bradley Feil's illness and lack of income, the Feils have defaulted on the loan.

Had the credit life disability insurance been issued "as represented to the Plaintiffs," the

---

[2] Neither Wilson nor Substitute Trustee, Rubin Lublin Suarez Serrano TN, LLC, is a party to this suit.

2

insurance would have made the monthly mortgage payments and default would not have occurred. The failure to issue the credit life disability policy was "due to the misrepresentation and faulty practices" of the defendant. Plaintiffs attempted unsuccessfully to work out a compromise settlement with BAC and consequently lost a purchaser for the property.

Plaintiffs ask the Court to require defendants "to credit the life disability payments as represented to Plaintiffs as though said payments had been made," seek monetary judgment in an unspecified amount, attorney's fees and costs, and an injunction "stopping said foreclosure until a hearing in this cause."

### III.     Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a lawsuit for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) instructs that a pleading should be "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of a complaint is to "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).[3] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of [her] 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all the material elements of the claim." *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d

---

[3] *Bell Atlantic v. Twombly* overruled *Conley*, specifically disapproving of the proposition from *Conley* that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support to his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 560.

899, 902 (6th Cir. 2003).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Supreme Court explained that analysis under Rule 12(b)(6) requires a two-pronged approach. First, the reviewing court should determine what allegations within the complaint can be classified as "legal conclusions" and disregard them for purposes of deciding the motion. *Id.* at 678. Second, the court should evaluate the remaining portions of the complaint, *i.e.* the well-pleaded facts, and ascertain whether it gives rise to a "plausible claim for relief." *Id.* at 679. At the second stage, the court "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

**IV.     Analysis**

Defendants argue two bases for dismissal of plaintiffs' complaint: (1) Plaintiffs fail to allege the necessary elements of any recognizable cause of action; and (2) plaintiffs factual allegations, such as they are, are not facially plausible. Plaintiffs' response to the motion is so woefully inadequate as to constitute no response at all. As best the Court can glean from that response, plaintiffs assert that their pleading is sufficient under Tennessee state law and that federal pleading requirements require no more. As explained below, they are mistaken.

As an initial matter, it is virtually impossible from the face of plaintiffs' amended complaint to determine what claim or claims for relief they assert, and they make no attempt to identify the nature of their claims in their response. As a result, the Court can only guess about the nature of the

4

claims. It is clear, however, that plaintiffs do not assert a breach of contract claim because they do not assert the existence of any contract.

As defendants suggest, plaintiffs' allegation of "misrepresentations and faulty practices" of the defendant <u>could</u> mean that plaintiffs are attempting to state a claim for either negligent or intentional misrepresentation. To the extent they are, defendants appear to be correct that such claim is barred by the three year statute of limitations of Tennessee law. *See Medical Education Assistance Corp. v. State*, 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999) ("The statute of limitations for negligent misrepresentation is three years from the accruing of the cause of action"); *Prescott v. Adams*, 627 S.W.2d 134, 137 (Tenn. Ct. App. 1981). A cause of action accrues when plaintiffs knew or reasonably should have known of their injury. *Medical Education Assistance Corp.*, 19 S.W.3d at 817. Presumably, plaintiffs would have received documents from which to determine whether they had coverage and the extent of the coverage at the time of closing in June, 2007, although they do not make specific allegations on that issue. If so, however, the statute of limitations expired long before September 15, 2011, the date of the filing of the state court complaint.

There is a more fundamental reason, however, why plaintiffs claims fail. They do not plead the elements of a cause of action for either negligent or intentional misrepresentation, nor do they allege any facts from which the Court can infer the necessary elements. Furthermore, plaintiffs' counsel appears to misapprehend the practical effect of the Supreme Court's *Twombly* and *Iqbal* decisions on pleading requirements in the federal courts. Counsel cites *Webb v. Nashville Area Habitat For Humanity, Inc.*, 346 S.W.3d 422 (Tenn. 2011) in which the Tennessee Supreme Court addressed the question of "the proper standard for Tennessee courts to apply in ruling on a Rule

5

12.02(6) motion to dismiss in light of the United States Supreme Court's recent decisions in *Bell Atlantic Corp. v. Twombly* . . . and *Ashcroft v. Iqbal* . . ." *Id*. at 424. While noting that the United States Supreme Court, in considering Federal Rule of Civil Procedure 8, had "made it clear in *Iqbal* that the *Twombly* plausibility standard applies in all federal civil actions," *id*. at 428, the Tennessee Supreme Court "declined to reinterpret Rule 8" of the Tennessee Rules of Civil Procedure to require the plausibility pleading standard of *Twombly* and *Iqbal* in civil actions filed in the Tennessee state courts. *Id*. at 437. Despite plaintiffs' insistence otherwise, the requirements of Rule 8 of the Federal Rules of Civil Procedure are different from the requirements of Rule 8 of the Tennessee Rules. This Court must apply the federal rule and the Tennessee Supreme Court's decision in *Webb* is therefore irrelevant. *See Hanna v. Plumer*, 380 U.S. 460, 470-71 (1965) (holding that federal courts should apply the relevant rule from the Federal Rules of Civil Procedure in diversity cases); *Dickenson v. Cardiac and Thoracic Surgery of Eastern Tennessee*, 388 F.3d 976, 983 (6th Cir. 2004) ("The Federal Rules of Civil Procedure . . . apply to civil actions in the federal courts . . .").

Tennessee has adopted § 552 of the Restatement (Second) of Torts "as the guiding principle in negligent misrepresentation actions against other professionals and business persons." *Robinson v. Omer*, 952 S.W.2d 423, 427 (Tenn. 1997) (quoting *Bethlehem Steel Corp. v. Ernst & Whinney*, 822 S.W.2d 592, 595 (Tenn. 1991)). Section 552 provides in pertinent part:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in

6

> Subsection (1) is limited to loss suffered
>
> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>
> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

*Cummins v. Opryland Productions*, 2001 WL 219696, at *6 (Tenn. Ct. App. Mar. 7, 2001) (citing Restatement (Second) of Torts, § 552 (1977)).

Thus, a plaintiff seeking damages for negligent misrepresentation must prove the following elements:

> (1) That the defendant was acting in the course of its business, profession, or employment, or in a transaction in which it had a pecuniary (as opposed to gratuitous) interest;
>
> (2) That the defendant supplied faulty information meant to guide others in their business transactions;
>
> (3) That the defendant failed to exercise reasonable care in obtaining or communicating the information; and
>
> (4) That the plaintiff justifiably relied upon the information provided by the defendant.

*American Cable Corp. v. ACI Management, Inc.*, 2000 WL 1291265, at *6 (Tenn. Ct. App. Sept. 14, 2000) (citing *Robinson*, 952 S.W.2d at 427; *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128, 130 (Tenn. 1995); *John Martin Co. v. Morse/Diesel, Inc.*, 819 S.W.2d 428, 431 (Tenn. 1991)).

"The elements of intentional misrepresentation are based on the common law action for fraud and deceit." *Ogle v. Runion*, 1992 WL 9438, at *2 (Tenn. Ct. App. Jan. 24, 1992). An action for intentional or fraudulent misrepresentation contains four elements: (1) an intentional misrepresentation of material fact, (2) knowledge of the representation's falsity, (3) an injury caused

by reasonable reliance on the representation, and (4) the misrepresentation involves a past or existing fact. *Axline v. Kutner*, 863 S.W.2d 421, 423 (Tenn. Ct. App. 1993). The elements of fraud must be "stated with particularity." *Kincaid v. SouthTrust Bank*, 221 S.W.3d 32, 41 (Tenn. Ct. App. 2006).

In short, plaintiffs' complaint alleges none of the elements of either a claim of negligent misrepresentation or of intentional or fraudulent misrepresentation. It only identifies the alleged misrepresentation as a representation that "the credit life disability insurance [had] been issued" and would have made the monthly mortgage payments. It gives no other detail. It does not allege the identity of the person who made the alleged misrepresentation, when it was made, or that the person who made the alleged misrepresentation was related to the defendant. Plaintiffs do not allege any specific acts of fraud. The complaint lacks sufficient factual detail to allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 677.

For these reasons, the motion to dismiss is GRANTED, [Doc. 13], and plaintiffs' complaint is DISMISSED WITH PREJUDICE.

So ordered.

E N T E R:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

8